MATTER OF JEAN

In Deportation Proceedings

A-21137020

*Decided by Board September 7, 1979*

(1) An immigration judge may set reasonable time limits for the filing of written applications for withholding of deportation before him, or for asylum before the District Director, in a deportation case under his jurisdiction.

(2) Where respondent had over 5 months while his deportation proceeding was adjourned in which to present his claims for asylum and withholding of deportation but failed to file such claims, the immigration judge properly concluded the deportation hearing.

(3) An asylum request after the completion of a deportation hearing may be treated as a motion to reopen the prior hearing pursuant to 8 C.F.R. 108.3(b) (effective May 10, 1979) which is intended to apply where no asylum claim was previously asserted.

(4) Although a motion under 8 C.F.R. 108.3(b) need not meet the stringent requirements of 8 C.F.R. 103.5 and 242.22, the moving party must still reasonably explain his failure to file timely.

(5) The phrase "reasonably explains" as used in 8 C.F.R. 108.3(b) means more than an explanation why the application for asylum is tardy; rather, the test is whether under the circumstances of the case the neglect to previously file is excusable.

(6) Vague and unsubstantiated assertions that the respondent's attorney and the Immigration Service caused a delay, and that the respondent could not speak English clearly, failed to reasonably explain an inordinate delay in filing for asylum.

(7) Absent new circumstances shown to have arisen subsequent to respondent's deportation hearing, reopening pursuant to 8 C.F.R. 103.5 and 242.22 for consideration of respondent's section 243(h) application will be denied.

CHARGE:
Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entry without inspection

ON BEHALF OF RESPONDENT: Melvyn Greenspahn, Esquire
1110 Brickell Ave., Suite 608
Miami, Florida 33131

BY: Milhollan, Chairman; Maniatis, Applemen, Maguire, and Farb, Board Members

In a decision dated June 12, 1979, the immigration judge denied the respondent's motion to reopen a prior deportation proceeding to permit him to apply for withholding of deportation and asylum under 8

C.F.R. 108.3(b) (effective May 10, 1979). 44 Fed.Reg. 21259 (1979). The respondent has appealed. His counsel's request for oral argument will be denied, 8 C.F.R. 3.1(e), and the appeal will be dismissed.

The record indicates that the respondent is a native and citizen of Haiti who last appeared before an immigration judge on October 19, 1978, for a deportation hearing. The respondent admitted the allegations in the Order to Show Cause and conceded deportability as an alien who entered this country without inspection. The respondent's attorney at the proceeding requested discretionary relief for the respondent in the form of political asylum or, alternatively, for withholding of deportation under section 243(h) of the Immigration and Nationality Act, 8 U.S.C. 1253(h), and if unsuccessful on those claims, then voluntary departure. The immigration judge granted the attorney's requests for 20 days to file an application for the political asylum claim with the District Director and, if denied, 10 days to file a withholding of deportation application. Adjournment was taken for such purposes. In the event that this relief was denied, the immigration judge determined that voluntary departure should be granted for a reasonable period of time to be set at the conclusion of the case.

By November 14, 1978, no written application for the asylum claim had been received, therefore the District Director denied the application for lack of prosecution. The section 243(h) remedy was not pursued either, resulting in the immigration judge on March 26, 1979, ruling that the section 243(h) application was abandoned and entering a final order of voluntary departure in lieu of deportation. No appeal was taken from that decision and it therefore became final.

In conjunction with a Form I-589 for an asylum claim[1] filed on June 6, 1979, a stay of deportation was requested but denied by the District Director. A motion to reopen the prior deportation proceedings for the purpose of applying for asylum and section 243(h) relief was denied by the immigration judge on the grounds that the respondent was accorded due process of law and was provided an ample opportunity to advance his claims for relief. Appeal was taken to the Board on which we granted a stay of deportation on June 25, 1979, pending the outcome of this apppeal.

On appeal, the respondent presents various arguments why the instant matter should be reopened. He first contends that the original denial of his asylum and withholding of deportation claims by the District Director and the immigration judge, respectively, were faulty

---

[1] The Form I-589 is not in the record file. We shall assume it was filed with the appropriate district office of the Immigration and Naturalization Service on June 6, 1979, as claimed by respondent's counsel on appeal. Since we are denying the motion to reopen on procedural grounds, the substance of the asylum claim stated in the Form I-589 is not before us. Thus, the Form I-589 is not necessary for the consideration of this case.

on procedural grounds, thus necessitating a reopening to consider such claims. He argues that the immigration judge did not have the authority to fix a period of time by which the claims must be filed; that such acts are in contravention of the laws or regulations of the United States and United Nations' Protocol Relating to the Status of Refugees; and that in any event, no claim for asylum was made to the District Director, therefore the District Director's decision in absence of a claim was null and void. Likewise, the immigration judge was barred from subsequently deciding the withholding issue until the application had been submitted. Moreover, he argues that the immigration judge had not set a time limit for filing for withholding of deportation in a situation where an asylum claim was not made before the District Director.

The short answer to all these arguments is that they are not properly before the Board. It is cardinal with us that when the deportation order became final on March 26, 1979, the proper method for review was by appeal of that order. The respondent failed to do so and has offered no explanation why he did not. We note in passing that it is well within the authority of the immigration judge in a case over which he has jurisdiction to set reasonable time limits for the filing of written applications for asylum before the District Director or for withholding of deportation before him. 8 C.F.R. 242.8(a). See section 242(b) of the Act, 8 U.S.C. 1252(b); see also 8 C.F.R. 242.17(c). To allow otherwise would permit a deportable alien to avoid the conclusion of his deportation case and thus his departure by merely requesting the relief but not choosing to file the claims. Similarly, the decision of the immigration judge denying the withholding of deportation cannot be rendered nugatory on the basis that the previous asylum claim was not properly deniable by the District Director [2] merely because the respondent failed to pursue his claim. At some point, the immigration judge must conclude the deportation case by deciding the withholding application. He did so in this case after ample opportunity to present both claims was given. From the date of the immigration judge's adjournment until his final determination on the issue of withholding the respondent had over 5 months to present his claims and failed to do so. Finally, we must add that the time period granted by the immigration judge was set at the suggestion of the respondent's counsel (Tr. p. 2).

The respondent's next argument asserts that he is now entitled to have considered his asylum claim filed on June 6, 1979, as a motion to reopen before the immigration judge. We have no dispute with the proposition that an asylum request after the completion of the de-

---

[2] The Board is without jurisdiction to review the decision of the District Director concerning asylum. 8 C.F.R. 3.1(b)

portation hearing may properly be treated as a motion to reopen the prior hearing pursuant to the new regulation 8 C.F.R. 108.3(b) (effective May 10, 1979). Yet, according to the plain language of that regulation and the corresponding published comments, it is intended to apply where no asylum claim was previously asserted. *See* 44 Fed. Reg. 21253, 21257 (1979). Assuming arguendo that the respondent's or his attorney's actions prior to June 6, 1979, were not sufficient to constitute claims for asylum and withholding of deportation, thus not barring him from using 8 C.F.R. 108.3(b), the respondent did not meet the standards necessary for reopening under that regulation.

8 C.F.R. 108.3(b) provides that the motion, in order to be accepted for filing, must reasonably explain the failure to assert the asylum claim prior to the completion of the deportation hearing. Although the motion need not meet the stringent requirements of 8 C.F.R. 103.5 and 242.22,[3] the moving party still must demonstrate that factors exist which excuse his failure to file timely.[4] For we interpret the phrase "reasonably explains" as used in the regulation to mean more than an honest explanation why the application for asylum is tardy; rather, the test is whether the neglect to previously file is excusable. What excuses that are acceptable under the new regulatory standard must be judged by the circumstances in each case.

In the instant case the only excuses offered for the respondent's delay of over 7 months in filing his application are that the office of his attorney caused the delay and that the respondent did not understand English sufficiently to know how to protect and present his claims. While these are plausible reasons for lack of filing, we find that they do not constitute excusable neglect under the circumstances of this case and thus do not satisfy the regulatory standard under 8 C.F.R. 108.3(b) for reopening. We reach this result because, although counsel claims the respondent could not clearly speak English, he has been represented by an attorney able to understand and present his claims. As stated before, ample opportunity was provided to the respondent for his counsel to submit the claims which he failed to do. Moreover, the assertion in counsel's motion papers that late filing was caused by

---

[3] Under these regulations, a motion to reopen shall state new facts to be proved at the reopened proceeding and shall be supported by affidavits or other evidentiary material. 8 C.F.R. 103.5. When the motion is made before an immigration judge, evidence sought to be offered must be material and not available and could not have been discovered or presented at the hearing. 8 C.F.R. 242.22. A motion to reopen will not be granted to permit the consideration of an application for relief from deportation if the respondent's right to make such application was fully explained to him by the immigration judge and he was afforded an opportunity to do so at a prior hearing unless circumstances have arisen thereafter on the basis of which the request is being made. 8 C.F.R. 242.22.

[4] *Compare* Operations Instruction 108.1(f)(3) (December 18, 1974) *with* 8 C.F.R. 108.3(b).

"administrative confusion in Respondent's attoeney['s] office, in part due to errors of a clerical nature made by the Immigration Service" is an insufficient excuse in view of the length of the delay in filing. Further, such a vague and unsubstantiated explanation carries little weight even if the inordinate delay in filing was not a factor.

We also find that counsel for the respondent has failed to show that new circumstances have arisen subsequent to his deportation hearing to qualify for reopening pursuant to 8 C.F.R. 103.5 and 242.22 for consideration of the respondent's section 243(h) application.

We conclude, therefore, that the immigration judge properly refused to reopen this case and, accordingly, will dismiss the appeal.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Oral argument is denied.

**FURTHER ORDER:** The stay of deportation is terminated.