MATTER OF ESCOBAR

In Deportation Proceedings

A-26365952

*Decided by Board June 28, 1983*

(1) The regulations provide that an alien shall have 10 days within which to perfect an appeal from a decision of an immigration judge. 8 C.F.R. 242.21. The procedures for computing the period of time for taking an appeal are silent as to the effect of the last day of an appeal period falling on a Saturday. 8 C.F.R. 1.1(h).

(2) The Service's interpretation of this ambiguity would have the effect of shortening the period under 8 C.F.R. 242.21 within which an alien could take an appeal. Absent a showing that the Service's offices are open on Saturdays, there is no legitimate distinction between Saturdays, Sundays and legal holidays with regard to an alien's ability to perfect his appeal.

(3) Consistent with the Congressional authorization and approval manifested in Rule 6(a), Fed. R. Civ. P., and the principle of fairness, the last day of an appeal shall be included, in computing the appeal period, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

(4) Where the respondent conceded deportability at his hearing and does not contest that finding on appeal, has not shown eligibility for voluntary departure, and specifically declined to apply for asylum, he has not shown that he was prejudiced by the absence of counsel or that he was denied a full and fair hearing as required by due process.

(5) The respondent's motion to reopen for the purpose of applying for asylum will be denied where he has not reasonably explained his failure to assert the claim prior to the completion of the deportation hearing and where prima facie eligibility for the requested relief has not been established.

CHARGE:

ORDER: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Marc Van Der Hout, Esquire
3689 18th Street
San Francisco, California 94110

ON BEHALF OF SERVICE:
Ronald E. LeFevre
Chief Legal Officer

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The respondent appeals from the May 4, 1983, summary decision of the immigration judge, finding him deportable under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), and ordering his deportation to El Salvador. During the pendency of the appeal, the

respondent filed a motion to reopen for the purpose of applying for asylum. *See* 8 C.F.R. 208.11. The motion will be denied and the appeal dismissed.

The respondent is a 40-year-old native and citizen of El Salvador. He entered the United States without inspection on March 2, 1983. At his deportation hearing the respondent admitted the factual allegations, conceded deportability, and informed the immigration judge that he did not wish to apply for asylum.

Before reaching the merits of the respondent's appeal we must address an initial question of our jurisdiction over this matter. The Service contends that the respondent's appeal was not timely filed, that the immigration judge's decision is, therefore, administratively final, and that as a result this Board lacks jurisdiction to hear the appeal. The Service argues correctly that an appeal, in order to be timely, must be taken within 10 days after an immigration judge renders a decision, and that failure to do so results in the decision becoming administratively final. *See* 8 C.F.R. 3.3, 242.21, and 243.1. The Service concludes that as the respondent's appeal period ended on Saturday, May 14, 1983, in order to perfect his appeal he was required to file his Notice of Appeal (Form I-290A) by the close of business on Friday, May 13, 1983. This conclusion is based on the Service's interpretation of 8 C.F.R. 1.1(h)[1] that when the last day of the appeal period falls on a Saturday that day is included in computing the 10 day appeal period. We do not agree with this interpretation.

We note that the language of 8 C.F.R. 1.1(h) tracks the language contained in Rule 6(a) of the Federal Rules of Civil Procedure prior to that rule's amendment in 1963.[2] Rule 6(a) was amended in 1963 to bring it into conformity with the amendment of Rule 77(c), deleting Saturday as a day in which the clerk's office was to be open during business hours. Rule 6(a) now provides:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be

---

[1] 8 C.F.R. 1.1(h) provides:
   The term "day" when computing the period of time for taking any action provided in this chapter including the taking of an appeal, shall include Sundays and legal holidays, except that when the last day of the period so computed falls on a Sunday or a legal holiday, the period shall run until the end of the next day which is neither a Sunday nor a legal holiday.

[2] Rule 6(a) provided in relevant part:
   In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday.

included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. The amended language clearly reflects Congress' intent not to include as the last day of an appeal period a day in which the clerk's office is not open for business.

The regulations provide that an alien shall have 10 days within which to perfect an appeal from a decision of an immigration judge. 8 C.F.R. 242.21. The procedures outlined in 8 C.F.R. 1.1(h) for computing the period of time for taking an appeal are silent as to the effect of the last day of an appeal period falling on a Saturday. The Service's interpretation of this ambiguity would have the effect of shortening the period under 8 C.F.R. 242.21 within which an alien could take an appeal. Absent a showing that the Service's offices are open on Saturdays, there is no legitimate distinction between Saturdays, Sundays and legal holidays with regard to an alien's ability to perfect his appeal. We decline, therefore, to adopt the Service's interpretation of 8 C.F.R. 1.1(h). We defer, instead, to the Congressional authorization and approval manifested in Rule 6(a), Fed. R. Civ. P., and the interest of fairness in holding that in computing the period of time under 8 C.F.R. 1.1(h) for taking an appeal, the last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

In the present case, the respondent's appeal period ended on Saturday, May 14, 1983. He filed his Notice of Appeal with the Service's San Francisco office on Monday, May 16, 1983, that office apparently not being open on Saturday. We conclude, pursuant to our interpretation of 8 C.F.R. 1.1(h), that the respondent's appeal was timely filed and that we may properly exercise our jurisdiction over this matter. *See* 8 C.F.R. 3.1(b)(2).

On appeal, the respondent contends that the immigration judge should have granted him voluntary departure and that he was denied his right to effective assistance to counsel. The appeal is without merit.

The respondent freely conceded his deportability for entry without inspection under section 241(a)(2) of the Act and does not now contest that finding. His deportability has been established by evidence which is clear, convincing, and unequivocal as required by *Woodby* v. *INS*, 385 U.S. 276 (1966). Furthermore, we find no indication in the record or in the respondent's brief and supporting documents on appeal that he requested or was eligible for voluntary departure. There has been no showing that the respondent had the available funds and the immediate means with which to depart promptly from the United States as required by the regulations. 8 C.F.R. 244.1. Accordingly, there is no basis to conclude that the respondent was improperly denied voluntary departure.

Nor is there any basis to conclude that the respondent was denied his

right to counsel or that he was prejudiced by the absence of counsel at his deportation hearing. Respondent's counsel states on appeal that he is informed that the respondent waived his right to counsel. There is no evidence in the record and none submitted by the respondent on appeal that his waiver was not competently, understandingly, and voluntarily made. The requirements of due process under the Fifth Amendment are satisfied by a full and fair hearing. *Ramirez* v. *INS,* 550 F.2d 560 (9 Cir. 1977). An alien has been denied a full and fair hearing as required by due process only if the matter complained of causes the alien to suffer some prejuduce. *Nicholas* v. *INS,* 590 F.2d 802 (9 Cir. 1979). The respondent has not shown that he was prejudiced by the absence of counsel at his deportation hearing. The respondent conceded his deportability for entry without inspection and does not contest his deportability on appeal. He has not shown that he was statutorily eligible for voluntary departure and specifically informed the immigration judge that he did not wish to apply for asylum.

The only remaining issue to be decided is the respondent's motion to reopen for the purpose of applying for asylum and withholding of deportation under sections 208(a) and 243(h) of the Act, 8 U.S.C. 1158(a) and 1253(h).[3] For the reasons stated below, the motion will be denied.

A motion to reopen deportation proceedings for the purpose of applying for asylum or withholding of deportation will not be granted where prima facie eligibility for such relief has not been established or the alien has not reasonably explained his failure to assert the claim prior to completion of the deportation hearing. 8 C.F.R. 208.11. *See Martinez-Romero* v. *INS,* 692 F.2d 595 (9 Cir. 1982), *aff'g Matter of Martinez-Romero,* 18 I&N Dec. 75 (BIA 1981). Nor will it be granted unless the evidence sought to be offered is material, was not available, and could not have been discovered or presented at the time of the original hearing. 8 C.F.R. 3.2, 103.5, and 242.22.

The respondent's motion does not satisfy the requirements set forth in the regulations. The evidence submitted with the motion in support of the persecution claim was available at the time of the deportation hearing. The respondent has not reasonably explained his failure to timely file his asylum application. The vague and unsubstantiated assertion that he was operating under misinformation when he informed the immigration judge that he did not wish to apply for asylum is not sufficient. 8 C.F.R. 208.11. *See Matter of Jean,* 17 I&N Dec. 100 (BIA 1979). We find the respondent's explanation incredible in view of his abandonment of family and country and his journey from El Salvador to the United States for the claimed purpose of seeking asylum. Moreover, the respondent

---

[3] Asylum requests made after the institution of deportation proceedings shall also be considered requests for withholding of deportation. 8 C.F.R. 208.3(b).

has not shown prima facie eligibility for the requested relief.

The law is well settled that an applicant for asylum or withholding of deportation bears the burden of proving that he has a well-founded fear of persecution if returned to his native land. *See Haitian Refugee Center v. Smith*, 676 F.2d 1023 (5 Cir. 1982); *Fleurinor v. INS*, 585 F.2d 129 (5 Cir. 1978). This language refers to more than the alien's subjective state of mind. He must demonstrate a realistic likelihood that he will be persecuted on account of his race, religion, nationality, membership in a particular social group, or political opinion. *See McMullen v. INS*, 658 F.2d 1312 (9 Cir. 1981); *Khalil v. District Director of Immigration and Naturalization Service*, 457 F.2d 1276 (9 Cir. 1972); *Kovac v. INS*, 407 F.2d 102 (9 Cir. 1969). The respondent has not shown that he will be persecuted or that he has a well-founded fear of persecution within the meaning of section 208(a) or 243(h) of the Act. Our conclusion as to the respondent's claim is the same whether we apply a standard of "clear probability," "good reason," or "realistic likelihood." *See Rejaie v. INS*, 691 F.2d 139 (3 Cir. 1982).

The respondent has presented no objective evidence which indicates that he as an individual would be persecuted or supports his generalized assertions of persecution. Such assertions, standing alone, are not sufficient. *See Rejaie v. INS, supra; Moghanian v. United States Department of Justice*, 577 F.2d 141 (9 Cir. 1978). Although the respondent stated that he was arrested and detained for 30 days, there is no evidence that he was further threatened or harmed following his release. We note that the respondent stated that in fear of being persecuted he abandoned his family and country and fled to Mexico where he lived for several months. There is no indication that the respondent sought asylum in Mexico. Moreover, in spite of his claimed fear of being persecuted, he returned to El Salvador and resumed living with his family where he remained for several months before departing for the United States. Notwithstanding the reported general conditions of anarchy and political and economic strife in El Salvador demonstrated by the documents submitted in support of the respondent's motion, there is no evidence that the respondent was ever persecuted or the likelihood that he will be. *See Martinez-Romero v. INS, supra.*

Accordingly, the motion to reopen will be denied and the appeal dismissed.

**ORDER:** The motion is denied and the appeal dismissed.