963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Majid SANATIZAKER; Susan Carolina Sanatizaker, Petitioners,
v.
US IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70291.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided May 13, 1992.
 
 Before ALARCON, WILLIAM A. NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Majid Sanatizaker and Susan Carolina Sanatizaker petition for review of the Board of Immigration Appeals' ("BIA") decision denying the motion to reopen their deportation proceedings. We affirm.
 
 
 3
 Majid and Susan Sanatizaker are citizens of Iran and the United Kingdom respectively. They entered the United States as visitors on November 14, 1985. On February 10, 1988, petitioners filed an application for political asylum with the INS district director in San Diego, which was denied on June 30, 1989. On November 8, 1989, they were ordered to show cause why they should not be deported. The petitioners' former counsel appeared on their behalf before an immigration judge ("IJ") on December 18, 1989, at which time he conceded petitioners' deportability and indicated that they intended to apply for political asylum. The IJ set January 18, 1990 as the filing date for the new asylum application and set March 21, 1990 for a hearing on the merits. The record of appearance, which was signed by petitioners' attorney, stated that if the application was not filed by January 18, 1990, "claimed relief will be considered abandoned and an appropriate order may be immediately entered without further notice." CAR at 100 (emphasis in original). Petitioners failed to file an asylum application by January 18, 1990, and, on January 25, the IJ determined that petitioners were deportable. In lieu of deportation, the IJ granted voluntary departure on or before April 25, 1990.
 
 
 4
 On February 2, 1990 petitioners filed a motion to reopen their deportation proceedings along with a new asylum application. In support of the motion to reopen, petitioners filed an affidavit from Mr. Sanatizaker explaining that petitioners' failure to file by January 18 resulted from a misunderstanding on his part. Mr. Sanatizaker thought that he was required to submit all supporting documentation, including fingerprints and photographs, 10 days before the March 21 hearing date. In fact, the fingerprints and photographs had to be submitted with the application for asylum and without them the application could not be filed as required on January 18. SCAR at 6-7. On March 7, 1990, the IJ denied petitioners' motion to reopen. Petitioners obtained new counsel and appealed to the BIA. On April 13, 1991, the BIA concluded that the IJ's decision was proper and dismissed the appeal. CAR at 7-11.
 
 
 5
 * We review for abuse of discretion the BIA's decision denying a motion to reopen a deportation proceeding on the ground that an alien has not reasonably explained his failure to apply for asylum. INS v. Abudu, 485 U.S. 94, 105 (1988).
 
 
 6
 The applicable regulation provides: "An alien may request that a[ ] ... deportation proceeding be reopened ... on the basis of a request for asylum. Such request must reasonably explain the failure to request asylum prior to the completion of the ... deportation proceeding." 8 C.F.R. § 208.11. The BIA has interpreted the regulatory language "reasonably explains" to require "more than an honest explanation why the application for asylum is tardy; rather, the test is whether the neglect to previously file is excusable." Matter of Jean, 17 I & N Dec. 100, 103 (BIA 1979). The BIA ruled that Mr. Sanatizaker's explanation did not satisfy the "excusable neglect" standard. CAR at 10. It took the position that neither Mr. Sanatizaker's confusion about the deadline nor his counsel's heavy caseload excused petitioners' failure to file the asylum applicaiton on time. Id. Confusion and a heavy caseload can almost always be offered as explanations when an alien moves to reopen. If the BIA were required to reopen under these circumstances, little would be left of its discretion. See Abudu, 485 U.S. at 108 ("If INS discretion is to mean anything, it must be that the INS has some latitude in deciding when to reopen a case. The INS should have the right to be restrictive.") (internal quotations omitted). While we might have ruled differently on the motion to reopen, we cannot say that the BIA abused its discretion in affirming the IJ's decision.[1]
 
 II
 
 7
 Petitioners also contend that the BIA's refusal to reopen their deportation proceedings violates their Due Process rights under Mathews v. Eldridge, 424 U.S. 319, 348 (1976). This contention is meritless. It is undisputed that petitioners were given the opportunity to apply for asylum, and petitioners have not challenged the constitutionality of the asylum procedures. It is rather petitioners' failure to take advantage of those procedures that forms the basis of their constitutional claim. However, the Supreme Court has held that adequate notice of adequate procedures is "more than ample to satisfy any due process concerns." Lyng v. Payne, 476 U.S. 926, 942 (1986). Since petitioners have not challenged the adequacy of the asylum procedures or their notice of those procedures, we hold that petitioners' Due Process rights have not been violated.
 
 III
 
 8
 Petitioners also contend that their prior counsel rendered ineffective assistance, violating the Fifth Amendment's guarantee of due process. However, this claim was not raised before the BIA and we therefore lack jurisdiction over it. Zayas-Marini v. INS, 785 F.2d 801, 804-05 (9th Cir.1986). The BIA's decision refers to petitioners' allegations that their prior counsel became overworked and that, as a result, their case "slipped by." CAR at 10. However, these allegations were not raised in support of a due process argument but rather in an effort to "reasonably explain" petitioners' failure to file a timely asylum application. As the government points out, the proper course for presenting a constitutional ineffective assistance of counsel claim is by moving to reopen the deportation proceedings. See Roque-Carranza v. INS, 778 F.2d 1373, 1373-74 (9th Cir.1985).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 As an alternative basis for its decision, the BIA ruled that petitioners had failed to establish a prima facie case for political asylum because they had not shown that the government of the United Kingdom, from which they came, was unwilling or unable to control the members of Hezbullah, from whom petitioners fear persecution. CAR at 11 n. 3. We need not reach this alternate ground for the BIA's decision. See Abudu, 485 U.S. at 105-06 ("the BIA has discretion to deny a motion to reopen even if the alien has made out a prima facie case for relief")