988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Emilia ESZTERHAZY, aka Emilia Toth; Barbara Emoke Toth, Petitioners,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70473.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 18, 1993.
 
 On Petition for Review of an Order of the Board of Immigration Appeals; No. Aef-jdq-fmf.
 B.I.A.
 PETITION DENIED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Emilia Eszterhazy, a native and citizen of Hungary, appeals the Board of Immigration Appeals' ("BIA") dismissal as untimely of her appeal of the decision of the Immigration Judge ("IJ") denying her application for asylum and withholding of deportation. We review de novo whether the BIA had jurisdiction to consider an untimely appeal. Montes v. Thornburgh, 919 F.2d 531, 534 (9th Cir.1990). We deny the petition for review.
 
 
 3
 Eszterhazy contends that it was an abuse of discretion for the BIA to dismiss her appeal because her notice of appeal was filed only one day late. This contention lacks merit.
 
 
 4
 Section 242.21 of Title 8 of the Code of Federal Regulation provides in pertinent part that "[a]n appeal shall be taken within 10 days after ... the stating of an oral decision" by the immigration judge. This time limit is mandatory and jurisdictional. See Hernandez-Rivera v. INS, 630 F.2d 1352, 1354 (9th Cir.1980); Matter of Escobar, 18 I & N Dec. 412 (BIA 1983).[1]
 
 
 5
 Here, Eszterhazy filed her appeal 11 days after the IJ's decision. Accordingly, because her appeal was filed one day after her right to appeal expired, the BIA properly dismissed Eszterhazy's appeal for lack of jurisdiction.
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA occasionally avoids an untimeliness problem by dismissing an untimely appeal and accepting the case on certification under 8 C.F.R. § 3.1(c). See Matter of Correa-Garces, Iterim Dec. 3169 (BIA 1992). The decision to certify an appeal rests with the BIA's discretion. See Matter of Iberia Airlines Flight No. IB 951, 19 I. & N. Dec. 768 (BIA 1988); 8 C.F.R. § 3.1(c) ("the Board may in any case arising under paragraph (b) of this section require certification of such case to the Board."). Here, however, Eszterhazy never sought certification by the BIA