51 F.3d 266
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ubaldo Sacariaz HUAROMO-VARGAS, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-2037.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 21, 1995.
Decided: April 3, 1995.
 
 Donald L. Schlemmer, Washington, DC, for Petitioner. Frank W. Hunger, Assistant Attorney General, Regina Byrd, Mark C. Walters, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.
 Before HALL, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ubaldo Sacariaz Huaromo-Vargas ("Petitioner") petitions this Court for review of an order of the Board of Immigration Appeals ("the Board") which affirmed the Immigration Judge's ("IJ") deportation order, dismissed Huaromo-Vargas's appeal, and denied his motion to remand. Because we find that the Board did not abuse its discretion, we affirm.
 
 
 2
 Petitioner is a native and citizen of Peru who entered the United States without an inspection by an Immigration Officer. After an investigation, the United States Immigration and Naturalization Service ("INS") issued Petitioner an Order to Show Cause and a Notice of Hearing. The INS informed Huaromo-Vargas that it believed him to be deportable, and ordered him to appear before an immigration judge.
 
 
 3
 At the hearing, the IJ found Petitioner was deportable by clear and convincing evidence, apparently based on Huaromo-Vargas's admissions.[1] Huaromo-Vargas indicated that he would request asylum.
 
 
 4
 The immigration judge ordered Huaromo-Vargas to file his application for asylum by April 4, 1993, and scheduled his deportation hearing for June 29, 1993. Huaromo-Vargas failed to file his application for asylum.[2] On June 29, 1993, the immigration judge dismissed Huaromo-Vargas's application for lack of prosecution pursuant to 8 C.F.R. Sec. 3.31(c) (1994) and entered a deportation order.
 
 
 5
 On July 13, 1993, Huaromo-Vargas filed with the Immigration Court a motion to reopen his case, accompanied by a completed application for asylum. In affidavits, Huaromo-Vargas and counsel stated that the application was untimely due to an "administrative oversight" at counsel's office. Huaromo-Vargas admitted that he was aware of the April filing deadline. Two days later, Huaromo-Vargas filed a notice of appeal from the immigration judge's order with the Board.
 
 
 6
 The immigration judge denied Huaromo-Vargas's motion to reopen, finding that, under 8 C.F.R. Sec. 242.22 (1994), jurisdiction vested in the Board when Huaromo-Vargas filed his notice of appeal. Thereafter, the Board summarily dismissed Huaromo-Vargas's appeal. The Board held that Huaromo-Vargas failed to file an appeal brief and that his notice of appeal did not adequately specify the basis for his appeal. The Board considered Huaromo-Vargas's motion to reopen as a motion to remand, and denied it, finding that he had "failed to present a reasonable explanation for his failure to submit his application for asylum to the immigration judge."[3]
 
 
 7
 Huaromo-Vargas filed a timely petition for review with this Court. He contends that the Board erred in not providing him with a transcript upon which to write his appeal brief, in denying his motion to remand, and in failing to review the Immigration Judge's denial of his motion to reopen.
 
 
 8
 The Board can deny an alien's motion to reopen or remand solely based upon a finding that he has not "reasonably explained his failure to apply for asylum initially." INS v. Abudu, 485 U.S. 94, 104 (1988); 8 C.F.R. Sec. 208.4(c)(4) (1994).[4] The Supreme Court has held that the Board's discretion provides it with "some latitude in deciding when to reopen a case. The INS should have the right to be restrictive." Abudu, 485 U.S. at 108 (internal quotation marks omitted). In the case at bar, the Board found that Huaromo-Vargas's explanation--an "administrative oversight"--was inadequate to excuse his failure to file.[5] This Court reviews the Board's determination that no reasonable explanation was offered by the petitioner for abuse of discretion. Abudu, 485 U.S. at 104. Under the abuse of discretion standard, this Court inquires whether the denial of Huaromo-Vargas's motion to remand "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." Balani v. INS, 669 F.2d 1157, 1161 (6th Cir.1982). Moreover, the Board interprets the language of Sec. 208.4(c)(4) to require "more than an honest explanation why the application for asylum is tardy; rather, the test is whether the neglect to previously file is excusable." In re Jean, 17 I. & N. Dec. 100, 103 (BIA 1979).
 
 
 9
 We hold that the Board did not abuse its discretion in finding that Huaromo-Vargas "has failed to present a reasonable explanation for his failure to submit his application for asylum to the immigration judge." Huaromo-Vargas affirmatively refused to offer more of an explanation than the "administrative oversight" for his failure to file. Even now, his attorney declines to state that he adhered to standard office procedures or a case management system with regard to the application. In addition, Huaromo-Vargas admits to being aware of the filing deadline.
 
 
 10
 If the mere assertion of an "administrative oversight" were sufficient to require the Board of Immigration Appeals to reopen an alien's deportation case, it is difficult to conceive of an excuse that would be considered unreasonable under 8 C.F.R. Sec. 208.4(c)(4). See Abudu, 485 U.S. at 107, 110 (motions for reopen and petitions for rehearing are "disfavored," placing a "much heavier burden" on an alien who has already been found deportable by an immigration judge). In light of the latitude accorded the Board in Abudu, the Board properly refused to remand Huaromo-Vargas's case based upon an asylum application filed more than two months beyond the Immigration Judge's deadline.
 
 
 11
 Pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A) (1994), "[t]he Board may summarily dismiss ... any appeal in any case in which [t]he party concerned fails to specify the reasons for the appeal on ... (Notices of Appeal) or other document filed therewith." See Toquero v. INS, 956 F.2d 193, 196 (9th Cir.1992). Without specifying what law or regulation was misapplied or which facts were not considered and how they would have affected the immigration judge's decision, the Petitioner's notice of appeal was deficient under 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A). Therefore, the Board's dismissal was proper.
 
 
 12
 Huaromo-Vargas's contention that he failed to file an appeal brief specifying the grounds of his appeal because he did not receive a transcript from the deportation hearing is without merit. It was obvious, since he had not filed an application for asylum prior to the deportation hearing, that he was ordered deported because he was a citizen and national of Peru who entered the United States without inspection. 8 U.S.C.A. Sec. 1251(a)(1)(B).
 
 
 13
 Assuming that a transcript from the hearing exists, and that he did not receive it, he could have filed an appeal brief stating as much. Under 8 C.F.R. Sec. 3.1(d)(1-a)(i)(E) (1994),[6] Huaromo-Vargas's failure to file an appeal brief with the Board, or to provide a reasonable explanation for the failure to file, prior to the filing deadline also provided sufficient grounds for the Board's summary dismissal of his appeal. Toquero, 956 F.2d at 196.
 
 
 14
 We therefore affirm the Board's order denying Huaromo-Vargas's motion to remand and the dismissal of his appeal for failure adequately to state the grounds of his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 According to the Government, no transcript of the hearing was prepared. However, Huaromo-Vargas does not dispute that he is a Peruvian national and citizen and that he entered the United States without an INS inspection, in violation of 8 U.S.C.A. Sec. 1251(a)(1)(B) (West Supp.1994). An alien's admission of deportability satisfies the government's burden. Espinoza-Martinez v. INS, 754 F.2d 1536, 1539 (9th Cir.1985); 8 C.F.R. Sec. 242.16(b) (1994)
 
 
 [2]
 The regulation governing the submission of applications provides:
 The Immigration Judge may set and extend time limits for the filing of applications and related documents and responses thereto, if any. If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived.
 
 
 [8]
 C.F.R. Sec. 3.31(c) (1994)
 
 
 [3]
 The Board did not review the Immigration Judge's denial of the motion to reopen because Huaromo-Vargas did not appeal the denial, but the Board did find that jurisdiction vested with it when Huaromo-Vargas noted his appeal
 
 
 [4]
 The applicable regulation states: "Any motion to reopen or remand accompanied by an initial application for asylum filed under paragraph (b) of this section must reasonably explain the failure to request asylum prior to the completion of the exclusion or deportation proceeding." 8 C.F.R. Sec. 208.4(c)(4) (1994)
 Abudu was decided under the 1987 version of the regulations, in which the "reasonable explanation" requirement was contained in 8 C.F.R. Sec. 208.11 (1987).
 
 
 [5]
 Under 8 C.F.R. Sec. 3.2 (1994), "Motions to reopen indeportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and could not have been discovered or presented at the former hearing."
 
 
 [6]
 "The Board may summarily dismiss any appeal or portion of any appeal in which ... the party concerned indicates ... that he or she will file a brief or statement in support of the appeal and, thereafter does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. Sec. 3.1(d)(1-a)(i)(E)