Aaron **CORTEZ–HERRERA**,
Petitioner,

v.

Alberto R. **GONZALES**, Attorney
General, Respondent.

No. 04–75735.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2007.

Filed May 22, 2007.

Law Offices of Carlos A. Cruz, Alhambra, CA, for Petitioner.

CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Angela M. Miller, DOJ—U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

* The Honorable William Hart, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

Before: KLEINFELD and PAEZ, Circuit Judges, and HART *, Senior Judge.

## MEMORANDUM **

Aaron Cortez–Herrera ("Cortez"), a native and citizen of Mexico, petitions for review from the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his motion to reopen based on ineffective assistance of counsel ("IAC"). We have jurisdiction pursuant to 8 U.S.C. § 1252(b), and we grant the petition.

We review for abuse of discretion the BIA's denial of a motion to reopen. *Yeghiazaryan v. Gonzales,* 439 F.3d 994, 998 (9th Cir.2006). Claims of ineffective assistance of counsel are reviewed *de novo. Lin v. Ashcroft,* 377 F.3d 1014, 1023–24 (9th Cir.2004). To assert an ineffective assistance of counsel claim, a petitioner must show: (1) that counsel failed to perform with sufficient competence, and (2) that the petitioner was prejudiced by counsel's performance. *Mohammed v. Gonzales,* 400 F.3d 785, 793 (9th Cir.2005).

Cortez established ineffective assistance of counsel at his removal hearing. He had a viable claim for discretionary relief. Yet, his attorney, who reassured Cortez that "everything was going according to plan" with his application for discretionary relief, failed to timely file the application before the IJ such that it was deemed abandoned and Cortez was ordered removed. Cortez clearly received, and was prejudiced by, his counsel's ineffective assistance. *See Castillo–Perez v. INS,* 212 F.3d 518, 526 (9th Cir.2000) ("The face of the record shows a clear and obvious case of ineffective assistance of counsel.... The record

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

is undisputed that Castillo's lawyer failed, without any reason, to timely file the application in spite of having told Castillo that he did file it, and that Castillo would have been prima facie eligible had the application been filed."); *see also Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir. 2002) (holding that "petitioners have clearly suffered prejudice, as their counsel's failure to file their applications for suspension of deportation unquestionably affected the outcome of the proceedings").

Citing to *Matter of Jean*, 17 I & N Dec. 100 (BIA 1979), the BIA determined that Cortez had "abandoned his application for relief by failing to file the necessary documentation by a reasonable deadline and by failing to notify the Immigration Judge of any difficulties he might have had with compliance with the deadline." It then rejected Cortez's claim of ineffective assistance of counsel, concluding that he could not establish prejudice because the failure to comply with the application deadline was not "attributable solely to his counsel."

The BIA's reasoning, and reliance on *Matter of Jean* in this context, is foreclosed by our analysis in *Castillo–Perez*, issued four years before the BIA's decision. *See* 212 F.3d at 527. In relying on reasoning that we have explicitly rejected, the BIA abused its discretion.

The BIA further abused its discretion by requiring that an individual represented by counsel personally "meet his responsibility to either comply with the [application filing] deadline or inform the Immigration Judge of any problems preventing him from such compliance." We are unaware of any mechanisms in place that enable an alien encountering difficulties with his attorney to "contact[ ] the Immigration Court to notify the Immigration Judge of any difficulties."

Accordingly, we GRANT Cortez's petition and REMAND to the BIA with instructions to grant the motion to reopen.

