MATTER OF JALIAWALA

In Deportation Proceedings

A-20650384

*Decided by Board April 12, 1974*

Where the respondent in deportation proceedings fails to appear at a hearing reopened at his request and for his benefit, whether or not to grant a continuance rests within the discretion of the immigration judge. Where, as in the instant case, deportation proceedings were reopened upon request of respondent to permit him to apply for section 245 adjustment of status; his wife failed to appear with him at the reopened hearing, as requested; the hearing was rescheduled at which time they both failed to appear and respondent's attorney was unable to offer any reason or explanation as to their failure to appear, there was no abuse of discretion by the immigration judge in denying respondent's application for lack of prosecution.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Non-immigrant—
Failed to comply with conditions under which admit-
ted.

ON BEHALF OF RESPONDENT:
Peter R. Scalise, Esquire
134 North LaSalle Street
Chicago, Illinois 60602

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

This is an untimely appeal from an order of an immigration judge denying respondent's application for adjustment of status under section 245 of the Immigration and Nationality Act and reinstating the privilege of voluntary departure. The appeal will be dismissed for lack of jurisdiction as untimely.

Respondent is a 22-year-old married male alien, a native and citizen of Pakistan, who was admitted to the United States on or about August 19, 1970 as a nonimmigrant student. On August 14, 1973, after a hearing before an immigration judge at which he was represented by other counsel, he was found to be deportable for failure to comply with the conditions of his admission and was granted the privilege of voluntary departure. Appeal was waived and the immigration judge's order became final.

On November 14, 1973, on respondent's unopposed motion, the immigration judge ordered the proceedings reopened in order that respondent might apply for adjustment of status under section 245 of the Act, on the basis of an approved immediate relative visa petition filed in his behalf by his United States citizen wife. A reopened hearing was scheduled for February 11, 1974 and respondent was notified and requested to bring his wife with him. He did not bring his wife and the hearing was rescheduled for February 22, 1974. At that time, respondent's attorney appeared, but neither respondent nor his wife showed up. Respondent's attorney was unable to give any reason for the failure to appear. The immigration judge entered an order denying the section 245 application for lack of prosecution and reinstating the voluntary departure privilege. A notice of appeal from that order was filed by present counsel on March 15, 1974. The notice of appeal is clearly untimely, 8 CFR 242.21.

We have carefully examined the record to see if there is any reason why we should take this case on certification under 8 CFR 3.1(c). We find none. No brief on appeal has been filed. No reason is given to explain why the appeal is untimely. The notice of appeal asserts merely that the immigration judge's order was harsh and constituted an abuse of discretion because it failed to afford the respondent an opportunity to explain why he could not be present at the reopened hearing. Even now, on this attempted appeal, no effort is made to present any good reason or even any explanation why the respondent failed to appear.

When a respondent fails thus to appear at a hearing reopened at his request and for his benefit, whether or not to grant a continuance rests within the sound discretion of the immigration judge. On this record, we cannot say that the immigration judge abused his discretion in denying the section 245 application for failure to prosecute. We do not regard his action as harsh. Quite the contrary, it seems to us that he was quite generous, under the circumstances, in reinstating the privilege of voluntary departure at all.

ORDER: The appeal is dismissed for lack of jurisdiction as untimely.