## MATTER OF NAFI

### In Exclusion Proceedings

### A-24086112

*Decided by Board March 2, 1987*

When an applicant for admission has notice of his exclusion hearing and fails to appear, the immigration judge may, in his discretion, find that the applicant has failed to establish his admissibility and has abandoned any application for asylum and order him excluded and deported.

EXCLUDABLE: Act of 1952—Sec. 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

ON BEHALF OF APPLICANT:
Robert G. Carr, Esquire
225 Broadway, Suite 4402
New York, New York 10007

ON BEHALF OF SERVICE:
John Holya
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated March 4, 1985, an immigration judge ordered the applicant excluded and deported. The applicant has appealed. The appeal will be dismissed.

The applicant is a native and citizen of Afghanistan. He arrived at the Port of New York on March 15, 1981, and was paroled in pending consideration of his asylum claim.[1] Exclusion proceedings were instituted on November 23, 1983, and the applicant was given notice that he may be excludable for lack of a valid visa. The applicant submitted a motion for a change of venue from New York to Las Vegas, Nevada, on or about September 6, 1984. The applicant explained that he had moved to Nevada to live with his nephews for the duration of the exclusion proceedings and that travel to New York to appear for proceedings would cause him undue hardship. By an order dated September 10, 1984, the motion was granted and venue was changed to Phoenix, Arizona.

---

[1] Whether a request for asylum in the United States was ever filed and the disposition of such request, if any, are not reflected in the record.

The applicant appeared for an exclusion hearing in Las Vegas on January 9, 1985, and requested a continuance so he could obtain counsel. The hearing was rescheduled on the record for March 4, 1985. On February 25, 1985, the applicant submitted a request for a change of venue back to New York. He explained that he had been unable to find employment and had returned to New York. The request for a change of venue was denied on February 26, 1985. The applicant did not appear for his hearing on March 4, 1985, and the immigration judge found that he had failed to establish admissibility and ordered him excluded and deported.

On appeal, the applicant contends that the immigration judge had no authority to order him excluded and deported when he failed to appear. He contends that in absentia proceedings are authorized only in deportation proceedings. He also contends that the immigration judge abused his discretion in denying the motion for a change of venue as the applicant has lived in New York for 3 years, is employed there, has no contacts with Las Vegas, and would face substantial hardship if required to travel to Las Vegas to pursue his asylum claim.

We find no merit in the applicant's contentions. The applicant correctly notes that in absentia proceedings are not specifically authorized in exclusion proceedings as they are in deportation proceedings. *Compare* sections 235 and 236 *with* section 242 of the Immigration and Nationality Act, 8 U.S.C. §§ 1225, 1226, and 1252 (1982); *see also Matter of Patel,* 19 I&N Dec. 260 (BIA 1985), *aff'd, Patel v. INS,* 803 F.2d 804 (5th Cir. 1986); *Matter of Marallag,* 13 I&N Dec. 775 (BIA 1971). However, the Act does not preclude an immigration judge from entering an order when faced with an applicant's unexplained failure to appear for an exclusion hearing. We see no reason why he should not be able to do so and there are good reasons for permitting such a practice. An applicant in exclusion proceedings is the moving party and bears the burden of proving admissibility. Section 291 of the Act, 8 U.S.C. § 1361 (1982). Applications for benefits under the Immigration and Nationality Act are customarily denied as abandoned or for lack of prosecution when the alien fails to file for or pursue them. *Matter of Jean,* 17 I&N Dec. 100 (BIA 1979) (asylum application); *Matter of Pearson,* 13 I&N Dec. 152 (BIA 1969) (visa petition proceedings); *Matter of Jaliawala,* 14 I&N Dec. 664 (BIA 1974) (adjustment of status).

Moreover, accepting the applicant's position would be unduly burdensome. An applicant could force the Immigration and Naturalization Service to take the extra time and expense of apprehending and detaining him to ensure his right to a hearing, or else the applicant could remain here indefinitely by simply refusing to

appear for hearings. Therefore, we conclude that, when an applicant for admission has notice of his exclusion hearing and fails to appear, the immigration judge may, in his discretion, find that the applicant has failed to establish his admissibility and has abandoned any application for asylum. He may further order the applicant excluded and deported, as did the immigration judge in this case. If such an applicant later establishes that he had reasonable cause for his failure to appear, the proceedings may be reopened.

We find no abuse of discretion in the immigration judge's denial of a change of venue. One change of venue had already been granted, and the immigration judge was concerned that the applicant was simply trying to avoid a hearing and thereby remain here for several more years. We note that although the applicant came here in 1981 and claimed to want to apply for asylum, there is no evidence that an asylum application has ever been filed.

Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.