# MATTER OF R-R-

## In Deportation Proceedings

### A-29318907

*Decided by Board June 2, 1992*

(1) An alien seeking reopening of proceedings based on his failure to request asylum before the completion of deportation proceedings must meet the general motion requirements, as well as reasonably explain the failure to timely file an asylum application.

(2) The Board of Immigration Appeals withdraws from *Matter of Jean,* 17 I&N Dec. 100 (BIA 1979), to the extent that it suggests that an alien who has failed to timely file an application for asylum need only demonstrate excusable neglect for the failure to file in order to obtain the reopening of proceedings. *Matter of Jean, supra,* modified.

(3) The respondent failed to demonstrate prima facie eligibility for asylum based on his refusal to serve in the Nicaraguan military.

(4) The Board takes administrative notice that the Sandinista Party no longer controls the Nicaraguan Government.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 125 1(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:  
Christopher J. Montgomery, Esquire  
5601 Irvington Boulevard  
Houston, Texas 77009

ON BEHALF OF SERVICE:  
Benjamin D. Somera  
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated January 9, 1990, an immigration judge found the respondent deportable as charged under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1988),[1] as an alien who entered without inspection, found that he had failed to file an application for asylum by the date set, and granted him the relief of

---

[1] This ground of deportation has been revised and redesignated as section 241(a)(1)(B) of the Act, 8 U.S.C. § 1251(a)(1)(B) (Supp. II 1990), by section 602(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5078, but that amendment does not apply to deportation proceedings for which notice has been provided to the alien before March 1, 1991. *See* section 602(d) of the Immigration Act of 1990, 104 Stat. at 5082.

voluntary departure. The respondent, through counsel, filed two motions to reopen with the immigration judge. The respondent has appealed from the denial of the second motion to reopen. The appeal will be dismissed.

The respondent is a 25-year-old native and citizen of Nicaragua who entered the United States without inspection on February 19, 1989. Following the commencement of deportation proceedings, attorneys for the Immigration and Naturalization Service and the respondent entered into a prehearing agreement on November 2, 1989, in which the respondent conceded deportability and the Service indicated its nonopposition to a grant of the relief of voluntary departure. The deadline for filing an application for asylum was set for January 5, 1990. On January 9, 1990, the immigration judge entered an order finding the asylum application abandoned and granting voluntary departure. On February 14, 1990, the respondent filed a motion to reopen. The immigration judge denied the motion on February 20, 1990. The respondent filed a second motion to reopen on April 26, 1990. Counsel for the Service opposed the second motion. The immigration judge denied the second motion on June 29, 1990, giving rise to the instant appeal.

In the initial motion to reopen, counsel admitted that he erroneously filed the asylum application with the district director on November 22, 1989. He alleged that he did not become aware of his error until after January 5, 1990. In support of the motion, the respondent submitted the asylum application, a Biographic Information form (Form G-325A), his birth certificate with translation, an application for employment authorization, and a fingerprint chart. The immigration judge denied the motion based on the respondent's failure to accompany the motion with a certificate of service to the opposing party. The immigration judge further noted that the respondent probably failed to demonstrate prima facie eligibility for the relief sought.

In the second motion to reopen, the respondent alleged that he had in fact served the first motion on opposing counsel. In support of the motion, he submitted a copy of the signed return receipt acknowledging service dated February 22, 1990. The immigration judge denied the second motion based on the respondent's failure to resubmit a copy of the asylum application with the motion, and on the grounds that the Nicaraguan Government had abolished the military draft, which was the basis for the respondent's asylum application.

On appeal, counsel contends that the procedural errors he committed were a result of his inexperience in immigration law. He contends that the respondent should not be denied an opportunity to present his application for asylum because of counsel's inadvertent errors. He

further notes that his errors could have easily been corrected had the immigration judge notified him before denying the motions.

The Service has not filed a brief on appeal.

Section 242(b) of the Act, 8 U.S.C. § 1252(b) (1988), requires that an alien receive a reasonable opportunity to be present at his or her deportation hearing. We have held that a hearing in absentia is appropriate where the alien had notice of his hearing, had an opportunity to attend, and showed no reasonable cause for his failure to appear. *Matter of Patel*, 19 I&N Dec. 260 (BIA 1985), *aff'd*, 803 F.2d 804 (5th Cir. 1986); *Matter of Marallag*, 13 I&N Dec. 775 (BIA 1971); *see also Matter of Haim*, 19 I&N Dec. 641 (BIA 1988).

Where an alien can demonstrate reasonable cause for his failure to appear, section 242(b) of the Act guarantees his right to a hearing. For that reason, this Board has found that a prima facie showing of eligibility for relief from deportation or exclusion is not a prerequisite to reopening proceedings following an in absentia hearing. *See Matter of Ruiz*, 20 I&N Dec. 91 (BIA 1989).

Where an immigration judge has set a deadline for filing an application for relief, however, the respondent has already in fact appeared at a hearing. His statutory right to be present has been fulfilled. Furthermore, 8 C.F.R. § 3.29 (1992) provides that if an application is not filed within the time set by the immigration judge, the opportunity shall be deemed waived. The Board has long held that applications for benefits under the Act are properly denied as abandoned when the alien fails to timely file them. *See Matter of Jean*, 17 I&N Dec. 100 (BIA 1979) (asylum); *Matter of Jaliawala*, 14 I&N Dec. 664 (BIA 1974) (adjustment of status); *Matter of Pearson*, 13 I&N Dec. 152 (BIA 1969) (visa petition); *see also Matter of Nafi*, 19 I&N Dec. 430 (BIA 1987) (exclusion proceedings).

This Board previously addressed the issue of untimely filed asylum applications in *Matter of Jean, supra*. In that decision, we held that an alien seeking reopening of deportation proceedings in order to file an application for asylum must demonstrate excusable neglect for the failure to timely file. *Id*. at 103. Our holding was based on then existing regulations, which provided in pertinent part as follows: "Notwithstanding the provisions of §§ 103.5 and 242.22 of this chapter, a request for asylum may be considered as a motion to reopen under this paragraph and accepted for filing provided it reasonably explains the failure to assert the asylum claim prior to completion of the deportation hearing." 44 Fed. Reg. 21,253, 21,259 (1979) (codified at 8 C.F.R. § 108.3(b) (1980)).

Under the regulations then in effect, therefore, an alien could move to reopen his deportation proceedings to apply for asylum without meeting the motion requirements of 8 C.F.R. §§ 103.5 and 242.22

(1979). Following passage of the Refugee Act of 1980, Pub. L. No. 96-212, 94 Stat. 102, however, Part 208 of the regulations was implemented, and Part 108 was subsequently removed. *See* 8 C.F.R. §§ 208.1—.16 (1981). The new regulations provided that an alien could request reopening for the purpose of filing an asylum application "pursuant to 8 CFR 103.5 or 8 CFR 242.22." 8 C.F.R. § 208.11 (1981). In addition to those requirements, the alien had to reasonably explain his failure to timely request asylum. *Id.* That requirement is now codified as follows: "Any motion to reopen or remand accompanied by an initial application for asylum filed under paragraph (b) of this section must reasonably explain the failure to request asylum prior to the completion of the exclusion or deportation proceeding." 8 C.F.R. § 208.4(c)(4) (1992).

Thus, the current regulations make clear that a person seeking reopening based on his failure to request asylum before the completion of deportation proceedings must meet the general motion requirements, as well as reasonably explain the failure to file previously for asylum. To the extent that *Matter of Jean, supra,* suggests that an alien who has missed a filing deadline need only demonstrate excusable neglect for the failure to timely file, we hereby withdraw from that decision.

We will accordingly discuss the general motion requirements as applicable to the respondent's motion to reopen. A motion to reopen shall not be granted unless the respondent demonstrates that the evidence he offers is material and was not available or could not have been discovered or presented previously. 8 C.F.R. §§ 3.2, 242.22 (1992); *INS v. Jong Ha Wang,* 450 U.S. 139 (1981) (per curiam). A motion must also state the new facts to be proved at reopening, supported by affidavits or other documentary evidence. 8 C.F.R. §§ 3.8(a), 103.5(a)(2) (1992). An alien must make a prima facie showing both that he is statutorily eligible for the relief sought and that he warrants relief in the exercise of discretion. *See, e.g., INS v. Abudu,* 485 U.S. 94 (1988); *Bahramnia v. United States INS,* 782 F.2d 1243 (5th Cir.), *cert. denied,* 479 U.S. 30 (1986); *Matter of Leon-Orosco and Rodriguez-Colas,* 19 I&N Dec. 136 (BIA 1983; A.G. 1984). Finally, an alien seeking reopening of deportation proceedings in order to apply for asylum must reasonably explain his failure to request that relief prior to the completion of proceedings. 8 C.F.R. § 208.4(c)(4) (1992); *see also* 8 C.F.R. §§ 3.2, 242.22 (1992).

Inasmuch as the respondent is required to establish prima facie eligibility for asylum in order to reopen the proceedings, we will examine his persecution claim. The respondent asserts that he has a well-founded fear of persecution based on his refusal to serve in the Nicaraguan military. He states that Sandinista soldiers came to his

mother's home in 1988 looking for him and that a soldier struck him on the head with a rifle butt.

A government does not engage in persecution when it requires that its citizens perform military service. *Umanzor-Alvarado v. INS*, 896 F.2d 14 (1st Cir. 1990); *Rodriguez-Rivera v. INS*, 848 F.2d 998 (9th Cir. 1988); *Kaveh-Haghigy v. INS*, 783 F.2d 1321 (9th Cir. 1986); *see also Matter of Vigil*, 19 I&N Dec. 572 (BIA 1988). Persecution for failure to serve in the military may occur in rare cases where a disproportionately severe punishment would result on account of one of the five grounds enumerated in section 101(a)(42)(A) of the Act, 8 U.S.C. § 1101(a)(42)(A) (1988), or where the alien would necessarily be required to engage in inhuman conduct (that is, conduct condemned by the international community as contrary to the basic rules of human conduct) as a result of military service required by the government. *See Matter of A-G-*, 19 I&N Dec. 502 (BIA 1987), *aff'd sub nom. M.A. v. INS*, 899 F.2d 304 (4th Cir. 1990) (en banc).

The respondent has made no allegations that disproportionately severe punishment would result on account of his political opinion or any other prohibited ground, nor has he demonstrated that he would be required to engage in inhuman conduct as a result of military service.

Moreover, we take administrative notice that the Sandinista Party no longer controls the Nicaraguan Government. Effective April 25, 1990, a coalition government, formed by parties in opposition to the Sandinistas ("UNO"), succeeded the former government of the Sandinista Party, following national elections and the inauguration of Violeta Chamorro as president. Further, President Chamorro announced a general amnesty covering the hostilities between the former Contra resistance and the Nicaraguan Government and an end to military conscription.[2]

Given that the Nicaraguan Government has halted military conscription, on the record before us we do not find any basis for the respondent's claim that he has a well-founded fear of persecution in Nicaragua.[3]

---

[2] *See, e.g., Chamorro takes Nicaraguan Helm; Hails New Era*, New York Times, Apr. 26, 1990, at A1 (Violeta Chamorro's inaugural address).

[3] It is well established that administrative agencies and the courts may take judicial (or administrative) notice of commonly known facts. *See Ohio Bell Telephone Co. v. Public Utilities Commission*, 301 U.S. 292 (1937). Therefore, this Board may properly take administrative notice of changes in foreign governments. *Wojcik v. INS*, 951 F.2d 172 (8th Cir. 1991); *Janusiak v. INS*, 947 F.2d 46 (3d Cir. 1991); *Kapcia v. INS*, 944 F.2d 702 (10th Cir. 1991); *Kaczmarczyk v. INS*, 933 F.2d 588 (7th Cir.), *cert. denied*, 502 U.S. 981 (1991); *Kubon v. INS*, 913 F.2d 386 (7th Cir. 1990); *see also, e.g., Matter of Chen*, 20 I&N Dec. 16 (BIA 1989); *Matter of Stojkovic*, 10 I&N Dec. 281 (BIA 1963).

We conclude, therefore, that the respondent has failed to make a prima facie showing that he has a well-founded fear of persecution on account of one of the five grounds enumerated in section 208(a) of the Act. *See* section 101(a)(42)(A) of the Act; 8 C.F.R. § 208.13(b)(2) (1992); *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *Guevara Flores v. INS*, 786 F.2d 1242 (5th Cir. 1986); *Matter of Chen*, 20 I&N Dec. 16 (BIA 1989); *Matter of Mogharrabi*, 19 I&N Dec. 439 (BIA 1987). Inasmuch as the respondent has failed to satisfy the lower burden of proof required for asylum, it follows that he has also failed to make a prima facie showing that he faces a clear probability of persecution in Nicaragua. *See INS v. Stevic*, 467 U.S. 407 (1984). We therefore conclude that the immigration judge properly denied the respondent's motions based on his failure to demonstrate prima facie eligibility for the relief sought.

On appeal, the respondent has objected to the denial of the motions to reopen on procedural grounds. We need not address those contentions, inasmuch as we have found that the motions were properly denied based on the respondent's failure to demonstrate prima facie eligibility for relief.

Accordingly, the appeal will be dismissed.

**ORDER:**    The appeal is dismissed.