117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ezequiel CANESSA-ESCOBAR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71008, INS No. Auh-xht-qsc.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Filed June 24, 1997.
 
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On Petition for Review of an Order of the Board of Immigration Appeals
 
 
 3
 Ezequiel Canessa-Escobar, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") determination that Canessa-Escobar had abandoned his application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 4
 Canessa-Escobar appears to contend that the BIA erred when it determined that he had abandoned his asylum application due to lack of prosecution pursuant to 8 C.F.R. § 3.31. This contention lacks merit.
 
 
 5
 We give an agency's construction and application of its own administrative regulations great deference, unless its interpretation is "plainly erroneous or inconsistent with the regulation." See Washington State Health Facilities, Ass'n v. State of Washington, Dep't of Social & Health Serv., 879 F.2d 677, 681 (9th Cir.1989) (quoting United States v. Larionoff, 431 U.S. 864, 872 (1977)). Pursuant to 8 C.F.R. § 3.31, "[a]ll documents that are to be considered in a proceeding before an Immigration Judge must be filed with the Immigration Court having administrative control over the Record of Proceeding.... The Immigration Judge may set and extend time limits for the filing of applications and related documents and responses thereto, if any. If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived." 8 C.F.R. § 3.31 (1996); see also Matter of R-R-, 20 I. & N. 547 (BIA 1992) (holding that "[a]pplications for benefits under the Act are properly denied as abandoned when the alien fails to timely file").
 
 
 6
 Canessa-Escobar failed to file an application for asylum with the Immigration Court within the time period designated by the IJ.[1] Moreover, the IJ explicitly warned him that failure to file within the designated time period would constitute a waiver of the right to seek relief. Because the plain language of 8 C.F.R. § 3.31 authorized the IJ to deem Canessa-Escobar's application waived, the BIA correctly determined that Canessa-Escobar had abandoned his asylum application due to lack of prosecution. See 8 C.F.R. § 3.31; Washington State Health Facilities, Ass'n, 879 F.2d at 681; Matter of R-R-, 20 I. & N. Dec. 547.
 
 
 7
 The BIA also considered Canessa-Escobar's appeal as a motion to reopen, but determined that Canessa-Escobar did not offer a reasonable explanation for his failure to file an original asylum application.[2] See 8 C.F.R. § 208.4(c)(4). Accordingly, the BIA did not abuse its discretion in denying Canessa-Escobar's motion to reopen. See id.; INS v. Abudu, 485 U.S. 94, 104-05 (1988); Lainez-Ortiz v. INS, 96 F.3d 393, 395-96 (9th Cir.1996).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In his opening brief to this court, and in his brief to the BIA, Canessa-Escobar claims that he filed an administrative political asylum application with the INS on April 28, 1993. However, there is no evidence of this document in the record, nor does it explain his failure to file an application for asylum with the Immigration Court as required by 8 C.F.R. § 3.31
 
 
 [2]
 Canessa-Escobar's only explanation was that he had previously filed an administrative political application with the INS. Again, this explanation is not supported by the record