# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3123

_____

| | | |
|---|---|---|
| Mateo Vicente Juan; | * | |
| Juana Nolasco Tomas, | * | |
| | * | |
| Petitioners, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the Board of |
| | * | Immigration Appeals. |
| John D. Ashcroft, United States | * | |
| Attorney General, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: July 22, 2004
Filed: August 23, 2004

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Mateo Vicente Juan ("Juan") and his wife, Juana Nolasco Tomas, are natives and citizens of Guatemala. They entered the United States illegally on or around December 29, 1997. At the removal proceedings, Petitioners conceded removability, but proceedings were continued for a hearing on their asylum and withholding application, filed July 11, 1998. After a hearing, the Immigration Judge ("IJ") denied the application, reasoning that the evidence was insufficient to establish their eligibility for asylum. On appeal, the Board of Immigration Appeals ("BIA") summarily affirmed the IJ's decision.

We review the BIA's denial of asylum and withholding of removal for substantial evidence.  See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Nyama v. Ashcroft, 357 F.3d 812, 815 (8th Cir. 2004).  We will reverse only if the evidence was "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution."  Nyama, 357 F.3d at 816 (quotations and citation omitted).

On appeal, Petitioners' primary argument is that they provided sufficient evidence to establish asylum eligibility.  They claim that Juan's testimony regarding the threats he and his wife received from the Guatemalan military was sufficient to establish political persecution.  They argue the Guatemalan army interpreted Juan's reluctance to join them to mean that he and his wife supported the guerillas, and, therefore, the military's threats against them constituted persecution based on imputed political beliefs.

After a close review of the record, however, we find that the IJ's decision denying relief is supported by substantial evidence.  As the IJ noted in his opinion, punishment for the evasion of national military service is generally not persecution. See Matter of R-R-, 20 I. & N. Dec. 547, 551 (1992); Matter of Vigil, 19 I. & N. Dec. 572, 578-79 (1988).  Moreover, Petitioners' evidence was not such that it would compel any reasonable fact finder to conclude that they were persecuted on the basis of an imputed political opinion.  See Elias-Zacarias, 502 U.S. at 483-84; Molina-Estrada v. INS, 293 F.3d 1089, 1094-95 (9th Cir. 2002).  The military visited Petitioners only four times over eight years.  By Juan's own testimony, the primary purpose of these visits was to enlist young men into the military, not to punish guerilla sympathizers.  Also, Juan testified that all young people in his community were pressured to join the Guatemalan army, further suggesting that the military's purpose was recruitment, not persecution.  We have reviewed Petitioners' other arguments and do not find them persuasive.

Accordingly, the petition for review is denied.

_____