United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60574
Summary Calendar

MANUEL BERMUDES-CARDENAS, also known as
Manuel Cardenas-Bermudez,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A35 472 968
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Manuel Bermudes-Cardenas has petitioned for review of a
final order of the Board of Immigration Appeals (BIA) denying his
second motion to reopen his removal proceeding. Bermudes-
Cardenas conceded his removability under 8 U.S.C
§ 1227(a)(2)(A)(iii) based on his 1991 Texas conviction of
indecency with a child. The immigration judge (IJ) ordered
Bermudes-Cardenas removed after finding that he had waived the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

right to file his applications for adjustment of status and waiver of inadmissibility.

After unsuccessfully appealing to the BIA , Bermudes-Cardenas filed a motion to reopen his removal proceedings. The BIA concluded that the motion was untimely under 8 C.F.R. § 1003.2(c)(2) and the exception provided in 8 C.F.R. § 1003.2(c)(3) did not apply because Bermudes-Cardenas's removal was not ordered in absentia. Accordingly, the BIA denied Bermudes-Cardenas's motion to reopen.

Bermudes-Cardenas retained new counsel and filed a second motion to reopen his removal proceedings. He argued that the limitations period and the numerical limitation of 8 C.F.R. § 1003.2(c)(2) should not apply in his case, or should be equitably tolled, because his first motion to reopen was allegedly filed without his authorization, and his former counsel rendered ineffective assistance. The BIA ruled that Bermudes-Cardenas's second motion to reopen was both untimely and numerically barred. Alternatively, the BIA held that, even if it would consider his motion, Bermudes-Cardenas had not shown that his first counsel was responsible for causing his applications to be deemed abandoned, as Bermudes-Cardenas was present when the IJ set the deadline for filing his applications.

Bermudes-Cardenas now argues that the BIA's application of the procedural requirements of 8 C.F.R. § 1003.2(c)(2) was an abuse of discretion because his first motion was filed without

his authorization.  He argues that the limitations period should have been equitably tolled due to the ineffective assistance rendered by his first counsel.

We have jurisdiction to hear the legal and constitutional issues raised in Bermudes-Cardenas's petition.  8 U.S.C. § 1252(a)(2)(D).  The denial of a motion to reopen is reviewed under a "highly deferential abuse of discretion standard." Rodriquez v. Ashcroft, 253 F.3d 797, 799 (5th Cir. 2001).

Under 8 C.F.R. § 1003.2(c)(2), subject to the exceptions in 8 C.F.R. § 1003.2(c)(3), a party "may only file one motion to reopen," which "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened."  The exceptions do not apply here because Bermudes-Cardenas's removal was not ordered in absentia.  See 8 C.F.R. § 1003.2(c)(2); 8 C.F.R. § 1003.23(b)(4)(ii); see also In re R-R-, 20 I. & N. Dec. 547, 549 (BIA 1992).  Therefore, the BIA did not abuse its discretion by denying Bermudes-Cardenas's second motion to reopen on procedural grounds.

Bermudes-Cardenas argues, however, that like the limitations period which some courts have determined may be equitably tolled,[2] the numerical limitation may be equitably surmounted when an alien pleads ineffective assistance of counsel.

---

[2]    E.g., Borges v. Gonzales, 402 F.3d 398, 406 (3d Cir. 2005); Socop-Gonzalez v. INS, 272 F.3d 1176, 1181-83, 1193-94 (9th Cir. 2001).

Assuming, without deciding, that the numerical bar can be surmounted for claims of ineffective assistance of counsel, Bermudes-Cardenas still cannot prevail. Bermudes-Cardenas has not complied with the requirements for reopening proceedings based on a claim of ineffective assistance of counsel, as set out in In re Lozada, 19 I. & N. Dec. 637, 639 (BIA 1998). He has also not demonstrated prejudice. See id.; De Zavala v. Ashcroft, 385 F.3d 879, 883 (5th Cir. 2004). Because Bermudes-Cardenas has not demonstrated that the BIA abused its discretion in denying his second motion to reopen his removal proceedings, his petition is denied.

The petition for review also requests costs and attorney's fees pursuant to the Equal Access to Justice Act (EAJA). See 28 U.S.C. § 2412. An application for attorney's fees under the EAJA must be accompanied by proof that the applicant has prevailed. See 5TH CIR. R. 47.8.2(a). Because we deny the petition for review, Bermudes-Cardenas does not qualify for an award of attorney's fees.

PETITION FOR REVIEW DENIED; REQUEST FOR COSTS AND FEES DENIED.