**NOT FOR PUBLICATION**

FILED

MARCH 31 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VERONICA GARCIA-JUAREZ

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

No. 10-70129

Agency. No. A088-638-441

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 14, 2014
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Before: PAEZ and NGUYEN, Circuit Judges, and MOTZ, Senior District Judge.[**]

Veronica Garcia-Juarez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") decision to deem Garcia-Juarez's untimely application for cancellation of removal abandoned. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law and claims of due process violations in immigration proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We deny the petition for review.

The agency properly determined that Garcia-Juarez abandoned her application for cancellation of removal when she failed to file it within the time limit set by the IJ. *See* 8 C.F.R. § 1003.31(c) (authorizing the IJ to set filing deadlines and to deem abandoned any application not filed by the deadline); *see also Matter of R-R*, 20 I. & N. Dec. 547, 549 (BIA 1992) ("The Board has long held that applications for benefits under the Act are properly denied as abandoned when the alien fails to timely file them."). Garcia-Juarez offered no explanation for her failure to respond to either her attorney's efforts to prepare her application, or to the filing deadline set by the IJ. She did not dispute that she broke

---

[**] The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

appointments, ignored letters, and failed to cooperate. Because the IJ thus did not err in deeming her application abandoned, Garcia-Juarez's due process rights were not violated. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring a petitioner to demonstrate error and substantial prejudice in order to prevail on a due process challenge to immigration proceedings); *see also Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (observing that a due process claim requires a showing that the proceeding was "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case.").

Moreover, Garcia-Juarez failed to demonstrate that the IJ's decision not to conduct a hearing on counsel's motion to withdraw prejudiced her application for cancellation of removal. *See Lata*, 204 F.3d at 1246. Garcia-Juarez knew the deadline for her application—a translator was present at the master calendar hearing when the IJ set the applicable time limit—and understood her responsibility to provide the relevant information by that date. The IJ's inaction on her attorney's subsequent motion to withdraw did not prevent her from filing her application on time. The BIA's decision to affirm the IJ's order was therefore appropriate.

**PETITION DENIED.**