# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2023

Lyle W. Cayce
Clerk

_____

No. 22-60198

_____

Emmy Okafor Gabriel,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A078 563 990

_____

Before Richman, *Chief Judge*, and Jones and Ho, *Circuit Judges*.

Per Curiam:[*]

Emmy Gabriel petitions this court for review of an order of the Board of Immigration Appeals ("BIA") denying his motion for remand and dismissing his appeal from the denial of relief from removal as well as the denial of a motion for a continuance. For the following reasons, we DENY Gabriel's petition for review.

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60198

## I. Background

In 2012, Gabriel, a native and citizen of Nigeria, was charged with being removable as an arriving alien without valid immigration documents. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I).  In January 2013, Gabriel, represented by counsel K. Omari Fullerton, appeared before an Immigration Judge ("IJ"), who sustained the charge of removability and ordered that all applications for relief from removal be filed by his scheduled merits hearing in September 2013.  The hearing date was reset multiple times, and the case was eventually transferred to a different immigration court.

At a November 2017 hearing before the new IJ, Fullerton advised that Gabriel was seeking cancellation of removal, asylum, and, in the alternative, voluntary departure.  An individual hearing was set for February 2019, and the IJ stated that the filing deadline would be 30 days prior to the hearing. Two weeks before the deadline, Fullerton unsuccessfully moved for a continuance because of a scheduling conflict.

At the February 2019 hearing, the IJ noted that no applications for relief from removal had been filed with the court.  Fullerton explained that he had mistakenly filed the application for cancellation of removal with the agency rather than with the IJ and that he had a copy of the filing receipt but not the application.  Fullerton requested a continuance, asserting that he had been sick and had gone through an operation and that the improper filing was a mishap.  Noting that no applications had been filed "despite the almost decade-long period of time that [Gabriel] ha[d] been in proceedings," the IJ denied a continuance for lack of good cause.

Ultimately, the IJ denied as abandoned the applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture (CAT), reasoning that Gabriel had

not provided a reasonable explanation for the failure to file those applications. The IJ granted Gabriel's alternative request for voluntary departure.

Gabriel, represented by new counsel, appealed to the BIA. He challenged the IJ's denial of his motion for a continuance, and he moved for a remand on the ground that Fullerton rendered ineffective assistance of counsel that resulted in the agency's failure to consider his request for cancellation of removal. He asserted that Fullerton's ineffective assistance "completely prevented *any* consideration of the [requested] relief," thus prejudicing him by depriving him of the opportunity to be heard.

The BIA denied Gabriel's motion to remand, dismissed his appeal, and declined to reinstate his voluntary departure period. The BIA affirmed both the IJ's denial of a continuance based on Gabriel's failure to meet the filing deadlines and the IJ's denial of relief from removal as abandoned. With regard to the motion seeking remand for the consideration of Gabriel's newly filed application for cancellation of removal, the BIA determined that Gabriel had not sufficiently complied with the requirements for raising an ineffective assistance claim as set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and, further, that he had not shown that Fullerton's actions prejudiced his case.

Gabriel timely filed this petition for review.

## II. Standard of Review

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Questions of law, including constitutional challenges, are reviewed *de novo*. *Nkenglefac v. Garland*, 34 F.4th 422, 427 (5th Cir. 2022). Factual findings are reviewed under the substantial evidence test, meaning that this court may not overturn factual findings unless the evidence compels a contrary conclusion. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

No. 22-60198

## III. Discussion

Gabriel challenges the BIA's dismissal of his appeal from the IJ's denial of his motion for a continuance.[1] He also contests the BIA's denial of his motion to remand due to ineffective assistance of counsel with respect to his application for cancellation of removal. We address both arguments in turn.

### A. Denial of the Motion for a Continuance

This court has jurisdiction to review the agency's denial of a continuance in removal proceedings. *Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006). "The grant of a continuance lies within the sound discretion of the IJ, who may grant a continuance for good cause shown." *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008); *see also* 8 C.F.R. § 1003.29 (effective to Jan. 14, 2021).[2] This court thus reviews the grant or denial of a continuance for abuse of discretion. *Masih*, 536 F.3d at 373. Under that standard, this court will uphold the BIA's decision unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Cabral v. Holder*, 632 F.3d 886, 889–90 & n.2 (5th Cir. 2011) (internal quotation marks and citation omitted).

Under the regulations in effect at the time of the IJ's decision, an IJ "may set and extend time limits for the filing of applications and related

---

[1] Gabriel implicitly acknowledges that, without a continuance for the filing of his applications for relief from removal, such applications were abandoned, as the IJ found and the BIA affirmed.

[2] Approximately two years after the IJ's decision, this regulation was amended so that an IJ now may not, "in the absence of exceptional circumstances," grant a continuance that would cause the adjudication of an asylum application to exceed 180 days. 8 C.F.R. § 1003.29.

documents" and, "[i]f an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived." 8 C.F.R. § 1003.31(c) (effective to Jan. 14, 2021). As this court has explained, "[a]gency regulation provides a clear rule about missing deadlines set by the IJ," and "[t]he BIA's precedent has held parties to those deadlines." *Gonzalez-Castelan v. Garland*, 858 F. App'x 780, 781 (5th Cir. 2021) (citing *Matter of Islam*, 25 I & N Dec. 637, 642 (BIA 2011); *Matter of R-R-*, 20 I & N Dec. 547, 549 (BIA 1992)).

In *Gonzalez-Castelan*, this court held the parties to the IJ's filing deadlines. 858 F. App'x at 780-81. There, the alien's counsel requested two weeks to file an application for cancellation of removal, and the IJ granted the request after "ma[king] an explicit warning to counsel about abandonment." *Id.* at 781. Nevertheless, counsel filed the application eight days past the deadline and then requested at a hearing eleven days later that the IJ grant a post hoc motion for continuance and accept the late filing. *Id.* The IJ denied the continuance motion and pretermitted the late cancellation of removal application, and the BIA affirmed the IJ's decision. *Id.* at 780–81. This court denied the alien's petition for review, explaining that "[t]he IJ's decision [wa]s not arbitrary—to the contrary, it was reasonably based on counsel's own request." *Id.* at 781.

Similarly, in this case, the first IJ ordered in open court the filing of any and all applications for relief from removal by September 16, 2013, and then, after the case was transferred, the new IJ imposed in open court a filing deadline of 30 days prior to the merits hearing on February 21, 2019. Fullerton willingly accepted these deadlines when they were imposed, and he did not object to them in any timely motion thereafter. Rather, two weeks after the second deadline expired, he filed an unsuccessful motion to continue the hearing due to a schedule conflict, and then, at the hearing, he

unsuccessfully moved for a continuance to allow him the opportunity to file a cancellation of removal application.

While conceding that Fullerton was "undeserving of another chance to file what he had repeatedly failed to file," Gabriel argues that he personally was deserving of a continuance because he is an innocent party and should not be penalized for his counsel's failures. However, in *Gonzalez-Castelan*, 858 F. App'x at 781, this court declined to overturn the denial of a continuance based on similar errors by the alien's counsel, without any discussion of whether the alien himself erred. As the Supreme Court has explained, an attorney is his client's agent, and the client is bound by his attorney's negligent failure to meet a filing deadline. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012). Accordingly, Gabriel has failed to show that the BIA abused its discretion in affirming the IJ's denial of the requested continuance. *See Cabral*, 632 F.3d at 890.

## B. Ineffective Assistance of Counsel

Gabriel also contests the BIA's denial of his motion to remand on the basis that his counsel was constitutionally deficient for failing to timely file his application for cancellation of removal. We have jurisdiction to review Gabriel's constitutional claim on the merits. *See Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 (5th Cir. 2006); 8 U.S.C. 1252(a)(2)(D). "[B]ecause deportation hearings are considered civil in nature, there is no Sixth Amendment right to counsel." *Goonsuwan v. Ashcroft*, 252 F.3d 383, 385 n.2 (5th Cir. 2001). Nevertheless, we continue to assume "without deciding that an alien's claim of ineffective assistance may implicate due process concerns under the Fifth Amendment." *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006).

However, Gabriel's claim falters off the blocks because he has "no constitutional right to effective assistance of counsel in pursuing purely

No. 22-60198

discretionary relief such as cancellation of removal." *Flores-Moreno v. Barr*, 971 F.3d 541, 545 n.2 (5th Cir. 2020). This is because "the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest" protected by the Due Process Clause. *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004). Thus, "when there is no due process right to the ultimate relief sought, there is no due process right to effective assistance of counsel in pursuit of that relief." *Gutierrez-Morales*, 461 F.3d at 609.[3]

Consequently, we hold that the BIA did not err in denying Gabriel's motion to remand based on his counsel's failure to timely file a cancellation of removal application.

For the foregoing reasons, Gabriel's petition for review is DENIED.

---

[3] Additionally, Gabriel cursorily alleges that his removal proceedings were fundamentally unfair because he was deprived of his due process right to be heard. This claim fails as well because an "alien has no due process right to a hearing to determine his eligibility for relief that is purely discretionary." *Gutierrez-Morales*, 461 F.3d at 610.