**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

<table>
<tr><td>

GRIGORII FEDOROV; MARINA
FEDOROV; I.F.; V.F.,

          Petitioners,

 v.

PAMELA BONDI, Attorney General,

          Respondent.

</td><td>

No. 24-5864

Agency Nos.
A246-257-040
A246-257-041
A246-257-042
A246-257-043

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2025[**]
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge JOHNSTONE.

Grigorii Fedorov, his wife, and their children, members of the Sakha

Republic and citizens of Russia, petition for review of a decision by the Board of

Immigration Appeals ("BIA") dismissing their appeal from an order by an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Judge ("IJ") (collectively, "the Agency") denying Fedorov's applications for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions," reviewing factual findings for substantial evidence and conclusions of law de novo. *Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir. 2011). We deny the petition.

1.      Although forced conscription, without more, generally is not persecution, an applicant may claim political-opinion persecution where service would require that the applicant "engage in inhuman conduct (that is, conduct condemned by the international community as contrary to the basic rules of human conduct)." *Matter of R-R-*, 20 I. & N. Dec. 547, 551 (BIA 1992); *Ramos-Vasquez v. INS*, 57 F.3d 857, 863–64 (9th Cir. 1995). Petitioners contend the Agency failed to apply this legal standard to Fedorov's political-opinion claim. However, Fedorov did not present this claim to the Agency. Although he claimed he feared conscription to a war to which he objects, Fedorov did not present a claim to the IJ that he had a well-founded fear, or faced a likelihood, that he would be required to

---

[1] Fedorov's wife and two children are derivative asylum applicants. Although Petitioners appealed the denial of Fedorov's application for protection under the Convention Against Torture to the BIA, they do not challenge that denial before us.

engage in inhuman conduct if conscripted. As a result, the Agency did not rule on such a claim, so it is not properly before us. *See* 8 U.S.C. § 1252(d)(1) (requiring petitioners to have exhausted all remedies available as of right).

2. Forced conscription may also be persecution where individuals are targeted for conscription on account of a statutorily protected ground. *Melkonian v. Ashcroft*, 320 F.3d 1061, 1068 (9th Cir. 2003) (attempts to forcibly recruit petitioner were "properly labeled 'on account of' his ethnicity" where army specifically targeted Armenians for conscription). Fedorov presented such a claim to the Agency, asserting that Russia is targeting ethnic minorities for conscription in the Ukraine war, and the Agency denied it. Before us, however, Petitioners do not "specifically and distinctly" argue that the Agency erred in its denial of that stand-alone claim. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022). Therefore, the issue is forfeited. *See id*.

3. Substantial evidence supports the BIA's conclusion that Fedorov did not show a well-founded fear of persecution based on his membership in the particular social group ("PSG") "mobilization refuseniks" because Fedorov has not established that he is a member of this group.

Before the BIA, Fedorov argued that the PSG "mobilization refuseniks" includes "those who refuse to do something ordinarily expected of them, and specifically persons who refuse to be drafted." Before this court, Fedorov asserts

that this PSG "clearly and beyond doubt" refers to "those who refuse compulsory military service in Russia's invasion of Ukraine." The IJ concluded that Fedorov did not "show that he is a member of the group 'mobilization refuseniks,' even if that group were considered cognizable" because Fedorov "has not been called up to serve."

One cannot "refuse" to do something they were never asked to do. It is uncontested that Fedorov was never summoned or drafted into the war. On this record, we are not compelled to believe that Fedorov established he is a member of his proposed PSG—however it is defined.

4. Fedorov challenges the denial of his imputed-political-opinion claim on the ground that the IJ failed to consider Officer Lee's threats to Mrs. Fedorov as a threat to Fedorov as well. The IJ's factual finding that the call did not amount to a threat of harm to Fedorov is supported by substantial evidence. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179–80 (9th Cir 2021) ("vague" and "unfulfilled" threats do not necessary amount to persecution).

5. Fedorov challenges the denial of his foreign-agent claim on the ground that the IJ erroneously assessed only whether Fedorov had ever been designated a foreign agent instead of whether Russian authorities would designate him as such upon removal. The contention is unfounded: the IJ understood and

stated that Fedorov's claim was directed at whether "the Russian government would consider him to be a foreign agent."

**PETITION DENIED.**[2]

---

[2] The stay of removal (Dkt. No. 34) remains in place until issuance of the mandate.

*Fedorov, et al. v. Bondi*, No. 24-5864
JOHNSTONE, Circuit Judge, concurring in part and dissenting in part:

I concur in the majority's disposition of this petition except as to Fedorov's asylum and withholding claims based on membership in his proposed particular social group ("PSG") of "mobilization refuseniks."

The IJ's finding that Fedorov did not prove he was a "mobilization refusenik" because "he has not been called up to serve," is based on a mischaracterization of the PSG. Fedorov's testimony focused on Russia's mobilization for the war that began on September 25, 2022, and included the reasons he "refuse[d] to be mobilized;" the steps he took "to avoid mobilization;" evidence of possible attempts to mobilize him; and his fear of criminal prosecution and violence upon return "because I escaped or deserted the mobilization." He also submitted numerous articles describing Russian men fleeing to neighboring countries to escape mobilization and avoid conscription. Fedorov's proposed PSG was not the IJ's narrower group of people who refused to serve in the Ukraine war after having been served a summons. Rather, it has always encompassed those who refused by evading mobilization.

"The IJ misconstrued the way that [Fedorov] framed his group," which was legal error. *Aleman-Belloso v. Bondi*, 128 F.4th 1031, 1043 (9th Cir. 2025); *see also Antonio v. Garland*, 58 F.4th 1067, 1075–77, 1075 n.13 (9th Cir. 2023) (holding a petitioner sufficiently proposed her PSG, and the Agency erred in misconstruing it,

1

even though her PSG "has evolved somewhat, and she could have been clearer in her various presentations"). I would grant the petition as to this claim and remand to the Agency to consider whether Fedorov's proposed PSG of mobilization refuseniks, properly construed, qualifies as a particular social group. *See Alanniz v. Barr*, 924 F.3d 1061, 1069 (9th Cir. 2019) (remand is appropriate when "the proposed group as understood by the IJ is somewhat different from the group proffered by [petitioner]").

Thus, I respectfully concur in part and dissent in part.