MEMORANDUM **
Wan Ping Lin, a native and citizen of China, petitions for review of a decision of the Board of Immigration Appeals (“BIA”) denying his motion to reopen. We deny the petition.
Lin was initially ordered deported on August 9, 1993, after failing to appear at his exclusion hearing. A petitioner may succeed in a motion to reopen requesting rescission of an in absentia exclusion order if he demonstrates reasonable cause for failing to appear. 8 U.S.C. § 1229a(b)(5)(C)(ii); Matter of Nafi, 19 I. & N. Dec. 430, 432 (BIA 1987). Here, the BIA did not err in finding that Lin had proper notice of his August 9, 1993 hearing date and time. The Immigration Judge gave Petitioner both oral and written notice of his hearing date, and specifically warned him of the consequences of failing to appear. Furthermore, it is undisputed that Lin’s attorney had notice of the August 9, 1993 hearing date. See Garcia v. INS, 222 F.3d 1208, 1209 (9th Cir.2000) (holding that notice to the attorney of record constitutes notice to the petitioner). Accordingly, the BIA did not abuse its discretion in determining that Lin failed to show reasonable cause justifying a rescission of his in absentia exclusion order.
Lin’s allegations of ineffective assistance of counsel (“IAC”) against the attorney who represented him at the time of his August 1993 hearing are without merit. The BIA properly found that Lin failed to satisfy the requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). Under hozada, an alien alleging ineffective assistance must (1) submit an affidavit describing the attorney’s deficiencies; (2) submit evidence that counsel has been notified of the allegations and provided an opportunity to respond; and (3) file a disciplinary complaint against the attorney or explain why such a complaint has not been filed. Id. at 639. Petitioner did not inform his attorney of the allegations made against him, did not provide details of the agreement he had with the attorney, and did not explain why he failed to file a disciplinary complaint.
A failure to comply with the hozada requirements is not necessarily the end of an IAC claim, see, e.g., Escobar-Grijalva v. INS, 206 F.3d 1331, 1335 (9th Cir.2000), yet a petitioner is excused from the formal requirements of hozada only if he can establish “a clear and obvious case of ineffective assistance of counsel.” Castillo-Perez v. INS, 212 F.3d 518, 526 (9th Cir. 2000). Petitioner has not argued convincingly that his attorney committed any error, let alone one that was clear and obvious.
Lin also failed to meet the procedural requirements for filing a proper motion to reopen. In general, a motion to reopen must be filed “within 90 days of the date of entry of a final administrative order of removal.” 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The motion to reopen at issue here was filed around thirteen years after entry of Lin’s deportation order.
The time limit governing motions to reopen may be equitably tolled if an alien demonstrates that he was the victim of deception, fraud, or error. Singh v. Gonzales, 491 F.3d 1090, 1095-96 (9th Cir. 2007). We will not consider Lin’s argu *468 ment that the BIA should have equitably tolled the ninety-day time limit based on new evidence allegedly corroborating Lin’s claim that he will suffer persecution if returned to China. Lin failed to make this argument before the BIA and therefore did not exhaust his administrative remedies. This court lacks jurisdiction to consider an argument that was not raised before the BIA. Ochave v. INS, 254 F.3d 859, 867 n. 3 (9th Cir.2001). Moreover, Lin has failed to establish that he was the victim of any deception, fraud, or error. Accordingly, Lin’s claim for equitable tolling is without merit and the BIA did not abuse its discretion in denying his motion to reopen as time-barred.
The BIA did not err in concluding that 8 U.S.C. § 1158(a)(2)(D), permitting an alien to file a successive asylum application when there are changed personal circumstances, does not provide an independent exception to the time limitation on motions to reopen. Petitioner’s argument to the contrary is foreclosed by this court’s recent decision in Chen v. Mukasey, 524 F.3d 1028 (9th Cir.2008). In Chen, this court squarely upheld as reasonable the BIA’s determination that 8 U.S.C. § 1158(a)(2)(D) does not create an independent exception to the procedural limitations on motions to reopen set forth in 8 U.S.C. § 1229a(c)(7). Id. at 1031-32. Accordingly, Lin’s argument on this issue is unavailing.
Finally, we reject Lin’s contention that we should remand the matter to the BIA for the taking of additional evidence concerning whether Petitioner would be subject to persecution if returned to China. Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, this court lacks the statutory authority to remand a case to the BIA to review additional evidence. Pub.L. No. 104-208, Div. C, Title III § 309(c)(4)(B), 110 Stat. 3009 (codified at 8 U.S.C. § 1252(a)(1)); see also Altawil v. INS, 179 F.3d 791, 792-93 (9th Cir.1999). Lin asks this court to embrace dicta from the Second Circuit suggesting that a court may still have “the inherent equitable power to remand cases to administrative agencies for further proceedings in sufficiently compelling circumstances.” Lin v. U.S. Dep’t of Justice, 473 F.3d 48, 52 (2d Cir.2007). Lin was largely constrained by a subsequent opinion of the Second Circuit. See Ni v. Gonzales, 494 F.3d 260, 267-72 (2d Cir.2007). In Ni, the court concluded that if it did have any inherent authority to remand, its exercise is not warranted where “the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA,” and “the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence.” Id. at 269. Both of those prongs are satisfied here, making this matter inappropriate for remand. Even if this court did have any inherent authority to remand, Lin has failed to show “sufficiently compelling circumstances” that would justify this court’s exercise of an inherent equitable power to remand. See Lin, 473 F.3d at 52; Ni, 494 F.3d at 270.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.