[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 19, 2011
JOHN LEY
CLERK

No. 10-11349
Non-Argument Calendar

_____

Agency No. A073-208-264


JIN CAN GAO,

                                                              Petitioner,


                              versus


U.S. ATTORNEY GENERAL,

                                                              Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 19, 2011)

Before EDMONDSON, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Jin Can Gao, a Chinese national proceeding through counsel, petitions for review of the Board of Immigration Appeals' final order denying his second motion to reopen the 1994 exclusion proceedings held in absentia against him. Gao contends that the ineffective assistance of his counsel is an exceptional circumstance that justifies reopening his proceedings. He also contends that he did not receive actual notice of the hearing date and time.

## I.

We review the BIA's denial of a motion to reopen only for an abuse of discretion. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Id. (quotation marks omitted). "Motions to reopen are disfavored" in proceedings resulting in deportation "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Id. (quotation marks omitted). The alien thus bears a heavy burden in a motion to reopen and must present evidence satisfying the BIA that, if the proceedings were reopened, the new evidence likely would change the result in the case. Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006).

## I.

Gao argues that Melanie Kuchar, his initial counsel, was ineffective because she entered her appearance and filed a request for parole on his behalf in 1994 without his consent, and she provided a false address to the Immigration and Naturalization Service. Gao asserts that Kuchar was working with the smugglers responsible for bringing him into the United States. Gao also asserts that Kuchar's ineffectiveness caused him to miss the exclusion hearing in 1994 and resulted in the Immigration Judge's issuance of an in absentia exclusion order against him.

Under the law applicable to this case,[1] an in absentia order could only be rescinded:

---

[1] Generally "[a] motion to reopen exclusion hearings on the basis that the Immigration Judge improperly entered an order of exclusion in absentia must be supported by evidence that the alien had reasonable cause for his failure to appear." 8 C.F.R. § 1003.23(b)(4)(iii)(B); see also Matter of Nafi, 19 I. & N. Dec. 430, 432 (BIA 1987). Gao, however, has failed to preserve the argument that the BIA should have applied that reasonable cause standard. Gao presented his motion to reopen under the exceptional circumstances standard and the lack of notice standards provided in the former Immigration and Nationality Act § 242B. INA § 242B(c)(3), 8 U.S.C. § 1252b(c)(3) (1994) (repealed 1996); see also 8 C.F.R. § 1003.23(b)(4)(iii)(A). The BIA decided Gao's motion under those standards. In his brief to this Court, Gao does not challenge the BIA's application of the exceptional circumstances standard or the lack of notice standard to his motion to reopen. Gao instead argues that the BIA incorrectly applied those standards to the facts of his case. Gao has thus abandoned any argument that the BIA should have applied a different standard and we will address Gao's petition under the exceptional circumstances and lack of notice standards of former INA § 242B. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

3

(A) upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances . . . , or

(B) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with [this statute] . . . .

INA § 242B(c)(3), 8 U.S.C. § 1252b(c)(3) (1994) (repealed 1996). The statute defined "exceptional circumstances" as exceptional circumstances beyond the control of the alien, such as serious illness of the alien or death of an immediate relative of the alien. INA § 242B(f), 8 U.S.C. § 1252b(f) (1994). A claim of ineffective assistance of counsel may amount to exceptional circumstances. Montano Cisneros v. U.S. Att'y Gen., 514 F.3d 1224, 1226 (11th Cir. 2008).

The 180-day filing deadline provided in § 1252b(c)(3)(A), however, is "jurisdictional and mandatory." Anin v. Reno, 188 F.3d 1273, 1278 (11th Cir. 1999) (finding no exception to the statutory 180-day deadline, even where the petitioner alleges ineffective assistance of counsel). Gao filed his motion to reopen based on the exceptional circumstance of ineffective assistance of counsel

nearly fifteen years after the hearing was held. That is well after the 180-day statutory filing deadline. Gao's argument that Kuchar's ineffective assistance of counsel was an exceptional circumstance excusing his failure to appear at the 1994 hearing is thus time-barred under § 1252b(c)(3)(A).

## II.

As already discussed, Gao bears the heavy burden of demonstrating in his motion to reopen that he did not receive notice according to § 1252b. INA § 242B(c)(3), 8 U.S.C. § 1252b(c)(3) (1994); Ali, 443 F.3d at 813. Under the law applicable to this case, the INS had to provide the alien with written notice of the time and place at which the proceedings would be held and the consequences for failing to appear at those proceedings. INA § 242B(a)(2)(A), 8 U.S.C. § 1252b(a)(2)(A) (1994). The notice had to be provided either through personal service, or by certified mail if personal service was not practicable. Id. Written notice, not actual notice, was sufficient if the notice was sent to the most recent address provided by the alien. Id. § 242B(c)(1), 8 U.S.C. § 1252b(c)(1) (1994); see Dominiguez v. U.S. Att'y Gen., 284 F.3d 1258, 1259–60 (11th Cir. 2002) (holding that, under current statutory notice requirements, notice of a hearing sent to the most recent address on file constitutes sufficient notice). Procedural due process in the immigration context also required notice with a reasonable

opportunity to be heard. Anin, 188 F.3d at 1278. But procedural due process does not require actual notice and is satisfied when the method of notice is "accorded in a manner reasonably calculated to ensure that notice reaches the alien." Anin, 188 F.3d at 1278 (citation and internal quotations omitted).

In this case, the INS sent notice of the 1994 hearing via certified mail to Gao's most recent address—the only address for him that was ever provided to the INS. That notice contained information relating to the date, time, and place of the hearing. It also warned Gao of the consequences of his failure to appear at his hearing. The notice was sufficient and was sent in a manner reasonably calculated to ensure that it reached Gao. See Anin, 188 F.3d at 1278. Additionally, Gao received actual notice that he was in immigration proceedings on receipt of the charging document when he was initially detained, and he even attended an initial hearing while in detention before he was paroled. Accordingly, the BIA did not abuse its discretion in denying Gao's motion to reopen by finding that he failed to meet his heavy burden of showing that he received insufficient notice of the 1994 hearing that resulted in an exclusion order against him.

**PETITION DISMISSED IN PART AND DENIED IN PART.**